Matter of Polanco v Vasquez (2025 NY Slip Op 05240)

Matter of Polanco v Vasquez

2025 NY Slip Op 05240

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-09763
 (Docket No. V-11176-23)

[*1]In the Matter of Melissa Polanco, respondent, 
v
Fernando Vasquez, appellant.

Lauri Gennusa, Laurelton, NY, for appellant.
Cheryl Charles-Duval, Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated August 26, 2024. The order, entered upon the father's failure to appear at a fact-finding hearing, granted the mother's petition for sole legal and physical custody of the parties' child.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the father's attorney's application, in effect, for an adjournment of the fact-finding hearing (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In May 2023, the mother filed a petition seeking sole legal and physical custody of the parties' child. On July 16, 2024, the father failed to appear on time for the commencement of a fact-finding hearing on the petition. On August 26, 2024, the father failed to appear on time for the continuation of the fact-finding hearing. The Family Court then denied the father's attorney's application, in effect, to adjourn the matter until the father could be present. The father's attorney also declined to participate further in the proceedings in the absence of the father.
By order dated August 26, 2024, the Family Court, upon the father's default, granted the mother's petition for sole legal and physical custody of the child. The father appeals.
Although the order was entered upon the father's default, the father may challenge the denial of his attorney's application, in effect, for an adjournment of the fact-finding hearing, since that application was the subject of contest below (see Matter of Dublin v Morris, 224 AD3d 901, 901; Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d 605, 606).
Contrary to the father's contention, the Family Court providently exercised its discretion in denying the father's attorney's application, in effect, for an adjournment of the [*2]fact-finding hearing (see Matter of Dublin v Morris, 224 AD3d at 901-902; Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d at 606; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796).
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court